UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the matter of:

EDWIN E. "MIKE" LICKISS,

    Petitioner,

  and

FINANCIAL INDUSTRY REGULATORY AUTHORITY,

    Interested Party.
_____/

No. C-11-1986 EMC

**ORDER GRANTING PETITIONER'S MOTION TO REMAND**

**(Docket No. 14)**

    Petitioner Edwin E. "Mike" Lickiss initiated this action in state court, seeking expungement of certain disclosure events contained in his Central Registration Depository ("CRD") report maintained by Financial Industry Regulatory Authority, Inc. ("FINRA"), formerly known as the National Association of Securities Dealers ("NASD"). FINRA removed the action to federal court. Currently pending before the Court is Mr. Lickiss's motion to remand. Having considered the parties' briefs as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to remand.

### I.   FACTUAL & PROCEDURAL BACKGROUND

    FINRA is a self-regulatory organization ("SRO") registered with the Securities Exchange Commission ("SEC") as a national securities association. *See Fiero v. Financial Indus. Regulatory, Auth., Inc.*, 606 F. Supp. 2d 500, 504 (S.D.N.Y. 2009). "It is 'responsible for regulatory oversight of all securities firms that do business with the public; professional training, testing and licensing of

registered persons; [and] arbitration and mediation . . . .'" *Sacks v. SEC*, 635 F.3d 1121, 1122 (9th Cir. 2011).

Under the Securities Exchange Act, one of FINRA's duties is to "establish and maintain a system for collecting and retaining registration information" about registered representatives such as Mr. Lickiss. 15 U.S.C. § 78o-3(i)(1)(A). "Registration information" includes information about "disciplinary actions, regulatory, judicial, and arbitration proceedings." *Id.* § 78o-3(i)(5). "CRD [Central Registration Depository] is the database that FINRA and the securities commissions of the 50 states developed to store, among other information, information about regulatory, enforcement and arbitration actions taken against registered representatives and other securities personnel in accordance with [the above] obligation." Not. of Removal ¶ 4; *see also Dailey v. Legg Mason Wood Walker, Inc.*, No. 08-1577, 2009 U.S. Dist. LEXIS 114134, at *3-4 n.4 (W.D. Pa. Dec. 8, 2009) (noting that "FINRA rules require that any FINRA arbitration initiated against a representative be disclosed on her Form U-4, which is then filed with FINRA's Central Registration Depository").

In his petition, Mr. Lickiss seeks to expunge from his CRD report references to certain customer claims and settlements involving him which are approximately twenty years old. According to Mr. Lickiss, most of these disclosure events are "the product of a fraud perpetrated by the management of a real estate investment trust known as Commonwealth Equity Trust . . . with which [he] never had any affiliation." Mot. at 2.

FINRA has promulgated a rule related to the process of expungement – *i.e.*, FINRA Rule 2080. Under the Securities Exchange Act, FINRA is permitted to "propose rules aimed at governing its member firms and associated individuals. The proposed rules are subject to approval by the Securities and Exchange Commission's Division of Market Regulation." *Sacks*, 635 F.3d at 1122.

Under FINRA Rule 2080(a), "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement . . . ."[1]  FINRA Rule 2080(a).

---

[1] FINRA's rules are available online at http://finra.complinet.com/en/display/display.html?rbid=2403&element_id=607 (last visited on 6/6/2011).

FINRA Rule 2080(b), in turn, essentially requires that a member or person seeking expungement notify FINRA of such. Upon notification, FINRA has, in essence, the opportunity to consider whether it should participate in the judicial proceeding. Rule 2080(b) provides in full as follows:

> (b) Members or associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived pursuant to subparagraph (1) or (2) below.
>
>     (1) Upon request, FINRA may waive the obligation to name FINRA as a party if FINRA determines that the expungement relief is based on affirmative judicial or arbitral findings that:
>
>         (A) the claim, allegation or information is factually impossible or clearly erroneous;
>
>         (B) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation or conversion of funds; or
>
>         (C) the claim, allegation or information is false.
>
>     (2) If the expungement relief is based on judicial or arbitral findings other than those described above, FINRA, in its sole discretion and under extraordinary circumstances, also may waive the obligation to name FINRA as a party if it determines that:
>
>         (A) the expungement relief and accompanying findings on which it is based are meritorious; and
>
>         (B) the expungement would have no material adverse effect on investor protection, the integrity of the CRD system or regulatory requirements.

FINRA Rule 2080(b).

Importantly, Rule 2080 does not provide any substantive standard for determining whether expungement is appropriate or required. And as FINRA conceded at the oral argument herein, its rules do not require a member or associated person to first present a request to expunge to FINRA before going to court under Rule 2080(a).

3

## II. DISCUSSION

As noted above, Mr. Lickiss has moved for a remand of the proceedings back to state court. According to Mr. Lickiss, a remand is required because this Court has no subject matter jurisdiction over the case. FINRA argues to the contrary, asserting that this Court actually has exclusive jurisdiction pursuant to 15 U.S.C. § 78aa. As clarified at oral argument, that is the sole basis upon which FINRA asserts federal jurisdiction. FINRA does not assert general federal question jurisdiction. Because FINRA is the party invoking removal, it has the burden of establishing federal subject matter jurisdiction. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). *See also Tafflin v. Levitt*, 493 U.S. 455, 458-59 (1990) (stating that "we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States"; adding that, "'*if* exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it'") (emphasis added).

Section 78aa provides in relevant part that "[t]he district courts of the United States . . . shall have exclusive jurisdiction . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 U.S.C. §§ 78a *et seq.*] or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). In the instant case, the question is whether Mr. Lickiss brought this lawsuit to enforce a duty created by the Securities Exchange Act or the rules and regulations thereunder.[2]

In *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998) – one of the main cases cited by both parties – the Ninth Circuit held "the rules and regulations thereunder" include not only the rules and regulations issued by the SEC directly but also the rules issued by SROs such as the NASD (now known as FINRA). *See id.* at 1212 (stating that "federal courts are vested by 15 U.S.C. § 78aa with the exclusive jurisdiction over actions brought 'to enforce any liability or duty' created by exchange rules"). It explained that this is because

---

[2] At the hearing, FINRA conceded that it was not making any argument that Mr. Lickiss's lawsuit was brought to enforce a "liability," as opposed to a "duty," under § 78aa.

4

> [the NASD's] rules were issued pursuant to the Exchange Act's directive that self-regulatory organizations adopt rules and by-laws in conformance with the Exchange Act. With some exceptions . . . , the SEC must approve the rules issued by self-regulatory organizations. . . . The Exchange Act requires self-regulatory organizations to comply not only with the Exchange Act, but also with the association's own rules.

*Id.* Though not all courts have agreed with the Ninth Circuit,[3] *Sparta* is binding authority on this Court.

*Sparta*, however, is of limited relevance in the instant case because FINRA is not arguing that Mr. Lickiss's lawsuit seeks to enforce a duty specifically created by one of one of its own rules. Rather, FINRA takes the more general position that, because it cannot have any duties outside those created by the Securities Exchange Act, this Court must have exclusive jurisdiction. But this begs the question: *What* duty does Mr. Lickiss seek to enforce within the meaning of § 78aa?

FINRA points out that, under the Act, it has a duty to "collect[] and retain[] registration information." 15 U.S.C. § 78o-3(i)(1)(A). But here Mr. Lickiss is not asking any court to compel FINRA to "collect[] and retain[] registration information." *Id.* As Mr. Lickiss contends, the many cases cited by FINRA in its opposition brief all concern a plaintiff's effort to enforce a specific duty that a private securities association had failed to carry out or otherwise breached. *See* Opp'n at 4 (listing cases).[4] In the case at bar, Mr. Lickiss is asking a court to expunge registration information

---

[3] For example, long before the Ninth Circuit's ruling in *Sparta*, a district court in Texas – while acknowledging that "[c]ommentators have divided on the subject" – held that Congress did not intend to extend exclusive jurisdiction to a duty created by a private association's rules (as opposed to the SEC). It found persuasive an opinion authored by Judge Friendly of the Second Circuit, who had

> advanced the argument that the omission of the phrase "rules of an exchange" from Section 27 and 32 and the careful placement of that language in Section 29(a) meant that Congress intended that there be conferred on the federal courts exclusive jurisdiction only for violations of rules developed under SEC authority.

*Lange v. H. Hentz & Co.*, 418 F. Supp. 1376, 1380 (N.D. Tex. 1976). Other courts have cited *Lange* approvingly. *See, e.g.*, *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 259 (6th Cir. 1994); *Apollo Prop. Partners, LLC v. Newedge Fin., Inc.*, No. H-08-1803, 2009 U.S. Dist. LEXIS 56018, at *5-6 (S.D. Tex. Mar. 20, 2009).

[4] These cases largely involve a private securities association's alleged violation of or failure to comply with its own rules.

5

1  which has been collected and retained by FINRA.  FINRA has failed to specifically identify any
2  duty it has to expunge.

3        To the extent FINRA argues that it does in fact have a duty to expunge, it has not pointed to
4  any provision in the Securities Exchange Act, or any rule or regulation thereunder, that references
5  such a duty.  Nor is the Court aware of any provision in the Act, or rule or regulation thereunder,
6  otherwise indicating that FINRA has such a duty.  There is nothing in the Act, rules, or regulations
7  that provide substantive criteria as to when expungement is appropriate.  Further, as noted above,
8  there is nothing in the Act, rules, or regulations that require a registered representative such as Mr.
9  Lickiss to exhaust his administrative remedies first – *i.e.*, to seek expungement relief from FINRA
10 first before being able to seek judicial review.  The Court thus finds no "duty" to expunge "created
11 by this title [15 U.S.C. §§ 78aa *et seq.*] or the rules and regulations thereunder."  15 U.S.C. § 78aa.

12       While FINRA Rule 2080 addresses expungement, it only sets forth procedures, not a
13 substantive duty.  Subsection (a) of the rule simply states that"[m]embers or associated persons
14 seeking to expunge information from the CRD system arising from disputes with customers must
15 obtain an order from a court of competent jurisdiction directing such expungement . . . ."  FINRA
16 Rule 2080(a).  Subsection (b) of the rule affords FINRA the ability to participate in the judicial
17 proceeding.  In the instant case, Mr. Lickiss is pursuing a procedure established by Rule 2080(a).
18 He does not assert that FINRA has violated any particular duty and thus does not seek to enforce any
19 such duty owed by FINRA.

20       FINRA argues that, as a matter of policy, the Court should not remand: "Congress surely did
21 not intend to allow participants to craft an equitable end-run around this carefully crafted regulatory
22 system and subject FINRA's regulatory activities to the potentially inconsistent and irreconcilable
23 rulings of thousands of state courts."  Opp'n at 6.  But Congress limited exclusive federal
24 jurisdiction to suits brought to enforce any "liability" or "duty" not *e.g.*, to adjudicate any dispute
25 arising out of or related to the statutory scheme.  If Congress wanted to confer broader exclusive
26 jurisdiction, it could have.  It did not.

27       Furthermore, Rule 2080(a) itself refers to a "court of competent jurisdiction," and not to a
28 "federal court."  This suggests FINRA's understanding that federal courts do not have exclusive

jurisdiction over lawsuits such as the one brought here by Mr. Lickiss. Indeed, at the hearing, FINRA conceded that, in certain circumstances, a state court could be a "court of competent jurisdiction" for purposes of Rule 2080(a). More specifically, FINRA admitted that, when an arbitration award provides for expungement, a party may seek to have that award confirmed in a state court. FINRA has not explained why a state court would have jurisdiction only in these limited circumstances. The plain language of the rule does not so limit the jurisdiction of state courts.

Finally, any concerns about uniformity, as articulated by FINRA, are tempered – at least in part – by the terms of Rule 2080 itself. Under Rule 2080(b), FINRA is given an opportunity to participate in a judicial proceeding related to expungement and thus has an opportunity to direct the court to rulings that have been issued by other courts as well as its national procedures and policies.

### III. CONCLUSION

For the foregoing reasons, Mr. Lickiss's motion to remand is granted for lack of subject matter jurisdiction. The Clerk of the Court is directed to close the file in this case.

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: June 22, 2011

_____
EDWARD M. CHEN
United States District Judge

7