United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the matter of:

EDWIN E. "MIKE" LICKISS,

    Petitioner,

    and

FINANCIAL INDUSTRY REGULATORY AUTHORITY,

    Interested Party.
_____/

No. C-11-1986 EMC

**ORDER DENYING PETITIONER LICKISS'S MOTION FOR ATTORNEY'S FEES**

**(Docket No. 29)**

    Currently pending before the Court is Petitioner Edwin E. "Mike" Lickiss's motion for attorney's fees. Having reviewed the parties' briefs and accompanying submissions, the Court hereby **DENIES** the request for relief.

    In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court. More specifically, it held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *see also Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) (holding that removal costs were not warranted where a reasonable litigant in the position of the removing party "could have concluded" that federal court was the proper forum). Since *Martin* was decided, the Ninth Circuit has emphasized that

"removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court concludes that FINRA's removal was not objectively unreasonable. It is a fair argument that FINRA's duty to collect and retain broker records "necessarily encompasses the expungement of those records when appropriate." Opp'n at 2. And notably, FINRA's position that there was federal question jurisdiction pursuant to 15 U.S.C. § 78aa was not "clearly foreclosed." *Id.* at 1067. There was no binding Supreme Court or Ninth Circuit authority precluding FINRA's position. Furthermore, whether or not FINRA had a duty to expunge so as to confer jurisdiction under § 78aa was a relatively novel issue. Neither party cited any authority directly on point. The case that comes closest to being directly on point actually favors FINRA. *See Dobbins v. NASD*, No. 5:06CV2968, 2007 U.S. Dist. LEXIS 61767, at *5-7 (N.D. Ohio Aug. 22, 2007) (rejecting contention that there were no federal questions found in the complaint where the gravamen of the complaint was a request for expungement of information from the CRD). In comparable circumstances, courts have typically denied a request for fees. *See, e.g.*, *Evers v. CEC Entm't*, No. 10 C 6078, 2011 U.S. Dist. LEXIS 28731, at *7 (N.D. Ill. Mar. 18, 2011) (denying fees where issue was novel and there was authority to support defendant's position); *Aramid Entm't B.V. v. Bontempo Holdings, LLC*, No. CV 10-9078 PA (FFMx), 2011 U.S. Dist. LEXIS 3222, at *9-10 (C.D. Cal. Jan. 7, 2011) (noting that Ninth Circuit had not ruled on the issue and defendants had cited "some authority supporting their position" so that "the Court cannot say that [the] removal lacked an objectively reasonable basis"); *National Consumers League v. General Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (finding an award of costs and fees inappropriate where removal "was not contrary to well-settled law or binding authority").

///
///
///
///
///

2

1     Finally, Mr. Lickiss's contention that the removal was essentially done in bad faith (*i.e.*, to impose costs on him and thereby pressure him to drop his case) is entirely speculative.

    Accordingly, the request for fees is denied.

    This order disposes of Docket No. 29.

    IT IS SO ORDERED.

Dated: July 18, 2011

    _____
    EDWARD M. CHEN
    United States District Judge

**United States District Court**
For the Northern District of California

3